# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| GENE THROWER, <br><br> Plaintiff, <br><br> v. <br><br> MATRIX WARRANTY SOLUTIONS, INC. d/b/a ELEMENT PROTECTION, et al. <br><br> Defendants. | Civil Action No. 3:19-cv-00066-CAR |

## DEFENDANT MATRIX WARRANTY SOLUTIONS, INC. D/B/A ELEMENT PROTECTION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Matrix Warranty Solutions, Inc. d/b/a Element Protection ("Defendant" or "Matrix"), by counsel, hereby answers, paragraph by paragraph, Plaintiff Gene Thrower's ("Plaintiff") First Amended Complaint filed on September 18, 2019 ("Complaint") (ECF No. 7).

## AFFIRMATIVE DEFENSES

Based upon its current information and belief, Defendant asserts the following affirmative defenses to Plaintiff's Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here,

Defendant does not concede that it has the burden of proof or production for any of the following:

1. Plaintiff lacks Article III standing because he has incurred no injury or actual harm or damages. *See, e.g.,Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

2. Plaintiff fails to state a claim against Defendant upon which relief can be granted because, among other reasons, on information and belief, the calling party was given prior express consent to call the Plaintiff's number at issue, and Plaintiff never revoked that consent before filing her Complaint. *See, e.g., Tyler v. Mirand Response Sys.*, No. H-18-1095, 2019 U.S. Dist. LEXIS 81808, at *10 (S.D. Tex. May 15, 2019) (granting judgment in favor of defendant where calls made with prior express consent and Plaintiff failed to prove revocation or use of an ATDS).

3. Although Defendant specifically denies it has any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional as Defendant received prior express consent to call the phone number at issue.

4.      Any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of Defendant, over whom Defendant exercised no control or authority and for whose conduct Defendant is not responsible.

5.      Plaintiff failed to mitigate his damages.

6.      Plaintiff's claims are barred to the extent Plaintiff was not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

7.      Plaintiff's claims are barred to the extent Defendant satisfies the requirements set forth at 47 C.F.R. §64.1200(c)(2)(i), as amended.

8.      Plaintiff's class action is barred because questions or law and/or fact are not common to the alleged classes pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure.

9.      Plaintiff's class action is barred because the claims or defenses of the representative parties are not typical of the claims or defenses of the alleged classes pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure.

10.     Plaintiff's class action is barred because the representative parties will not fairly and/or adequately protect the interests of the alleged classes pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure.

11.     The claims against Defendant are misjoined and therefore Defendant should be dismissed and/or the claims against Defendant severed.

12.     Plaintiff's Complaint and each and every Count of the Complaint fail to state a claim upon which relief may be granted.

## Preliminary Statement

1.     Paragraph 1 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.  Furthermore, the TCPA and case law cited in Paragraph 1 speaks for itself and thus anything contrary thereto is denied.

2.     Denied.

3.     Defendant admits only that it contracted with Valiant Auto LLC ("Valiant") to market Matrix's products as an independent seller.  Defendant has insufficient knowledge to form a belief about Valiant's relationship with Mr. Kasick, and therefore denies the same.  The remaining allegations in Paragraph 3 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

4.     Paragraph 4 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

4

5.     Paragraph 5 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, denied.  Furthermore, the TCPA and the Federal Rules of Civil Procedure speak for themselves, and thus anything contrary thereto is denied.

## Parties

6.      Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies them.

7.     Admitted that Valiant is a Nevada LLC.  The remaining allegations in Paragraph 7 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied as written.

8.     Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies them.

9.     Admitted only that Matrix is a Nevada registered corporation with its principal office located in Texas that has contracted with Valiant and other non-exclusive independent entities to sell its products.  The remaining allegations in Paragraph 9 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied as written.

## Jurisdiction and Venue

10.     Admitted.

11.     Paragraph 11 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied as written.

12.     Paragraph 12 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied as written.

### TCPA Background

13.     The TCPA and its legislative history speaks for itself, and thus anything contrary thereto is denied.

14.     The TCPA and its implementing regulations speak for themselves, and thus anything contrary thereto is denied.  Furthermore, Matrix denies that all telephone solicitations to numbers on the DNC are unlawful.

15.     The TCPA and its implementing regulations speak for themselves, and thus anything contrary thereto is denied.  Furthermore, Matrix denies that all telephone solicitations to residential telephone numbers are unlawful.

16.     The TCPA speaks for itself, and thus anything contrary thereto is denied.  Denied that Paragraph 16 contains a complete representation of the statute.

17.     The TCPA's legislative history speaks for itself.  To the extent Paragraph 17 contains allegations requiring an answer, the allegations are denied.

18.    The TCPA and its implementing regulations speak for themselves. Denied that Paragraph 18 contains a complete representation of the statute and its implementing regulations.

19.    The TCPA and its implementing regulations speak for themselves. Denied that Paragraph 19 contains a complete representation of the statute and its implementing regulations.

20.    FCC Chairman's statement speaks for itself and thus no response is required.

21.    The cited Notice of Proposed Rulemaking speaks for itself and thus no response is required.

22.    The cited article speaks for itself and thus no response is required.

23.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23.  Furthermore, this paragraph contains no allegations relating to the Defendant that require a response.  To the extent a response is required, denied.

24.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24.  Furthermore, this paragraph contains no allegations relating to the Defendant that require a response.  To the extent a response is required, denied.

25.   The cited consumer data speaks for itself and thus no response is required.   Furthermore, this paragraph contains no allegations relating to the Defendant that require a response.  To the extent a response is required, denied.

## Factual Allegations

26.   Admitted.

27.   Admitted only that Matrix contracts with certain independent third-parties who are authorized to market and sell its products, subject to the terms of those agreements and compliance with applicable law. The remaining allegations in Paragraph 27 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

28.   Admitted only that Matrix contracts with certain independent third-parties who are authorized to market and sell its products, subject to the terms of those agreements and compliance with applicable law. The remaining allegations in Paragraph 28 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.    Admitted.

34.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34. To the extent a response is required, denied.

35.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 35. To the extent a response is required, denied.

36.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 36. To the extent a response is required, denied.

37.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 37. To the extent a response is required, denied.

38.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 38. To the extent a response is required, denied.

39.    The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 39. To the extent a response is required, denied.

40.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 40.   To the extent a response is required, denied.

41.     Paragraph 41 of the Complaint calls for legal conclusions to which no response is necessary.   To the extent a response is required, the allegations are denied.

42.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 42.  To the extent a response is required, denied as written.

43.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43.   To the extent a response is required, denied.

44.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 44.   To the extent a response is required, denied.

45.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 45.   To the extent a response is required, denied.

46.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 46.  To the extent a response is required, denied.

47.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 47.  To the extent a response is required, denied.

48.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 48.  To the extent a response is required, denied.

49.     Paragraph 49 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

50.     Paragraph 50 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

51.     Paragraph 51 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

52.     The cited FCC Order speaks for itself and thus no response is required.

53.     The cited FCC Order speaks for itself and thus no response is required.  Denied that Paragraph 53 contains a complete representation of the cited authority.

54.     Paragraph 54 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.   Furthermore, the cited FCC Order speaks for itself and thus no response is required.  Denied that Paragraph 54 contains a complete representation of the cited authority.

55.     The cited declaratory ruling speaks for itself and thus no response is required.  Denied that Paragraph 55 contains a complete representation of the cited authority.

56.     Paragraph 56 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

57.     Admitted only that Matrix contracts with certain independent third-parties, including Automotive Services Center, who are authorized to market and sell its products, subject to the terms of those agreements and compliance with

applicable law. The remaining allegations in Paragraph 57 call for legal conclusions to which no response is necessary.  To the extent a response is required, the remaining allegations are denied.

58.    Admitted only that Valiant has an agreement with Matrix under which it can sell Matrix-authorized products.  The remaining allegations in Paragraph 58 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

59.    Denied.

60.    Paragraph 60 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

61.     Admitted only that Matrix has been named in lawsuits alleging TCPA liability for the actions of third-parties.  The remaining allegations in Paragraph 61 are legal conclusions to which no response is required, and are accordingly denied.

62.    Matrix specifically denies that it controls the marketing activities of the non-exclusive, independent third-parties it permits to market and sell its products.  The remaining allegations in Paragraph 62 call for legal conclusions to which no response is required, and are accordingly denied.

63.    The FCC order cited in Paragraph 63 speaks for itself.  Denied that Paragraph 63 contains a complete representation of the cited authority.

## Class Action Allegations

64.     Admitted that Plaintiff makes class allegations.  Denied that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

65.     Admitted that Plaintiff makes class allegations.  Denied that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

66.     Paragraph 66 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

67.     Paragraph 67 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

68.     Paragraph 68 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

69.     Paragraph 69 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

70.     Paragraph 70 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

71.     Paragraph 71 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

72.     Paragraph 72 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

73.     Paragraph 73 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

74.     Paragraph 74 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

75.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 75.  To the extent a response is required, denied.

**Legal Claims**

**FIRST CAUSE OF ACTION**
**[Alleged] Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the Robocall Class**

76.     Paragraph 76 contains no allegations to which a response is required. To the extent a response is required, the allegations therein are denied.

77.     Paragraph 77 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

78.     Paragraph 78 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

79.     Paragraph 79 calls for legal conclusions to which no response is

necessary.  To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION
### [Alleged] Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of Robocall Class

80.     Paragraph 80 contains no allegations to which a response is required.

To the extent a response is required, the allegations therein are denied.

81.     Paragraph 81 calls for legal conclusions to which no response is

necessary.  To the extent a response is required, the allegations are denied.

82.     Paragraph 82 calls for legal conclusions to which no response is

necessary.  To the extent a response is required, the allegations are denied.

83.     Paragraph 83 calls for legal conclusions to which no response is

necessary.  To the extent a response is required, the allegations are denied.

## THIRD CAUSE OF ACTION
### [Alleged] Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d)) on behalf of the National Do Not Call Registry Class

84.     Paragraph 84 contains no allegations to which a response is required.

To the extent a response is required, the allegations therein are denied.

85.     Paragraph 85 calls for legal conclusions to which no response is

necessary.  To the extent a response is required, the allegations are denied.

16

86.     Paragraph 86 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

87.     Paragraph 87 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## FOURTH CAUSE OF ACTION
### [Alleged] Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))
### on behalf of the National Do Not Call Registry Class

88.     Paragraph 88 contains no allegations to which a response is required. To the extent a response is required, the allegations therein are denied.

89.     Paragraph 89 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

90.     Paragraph 90 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

91.     Paragraph 91 calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff or any of the proposed putative class members is entitled to any relief

from Defendant.

This 27th day of August, 2020.                    Respectfully submitted,


BERMAN FINK VAN HORN P.C.

By: /s/ Benjamin I. Fink
Benjamin I. Fink
Georgia Bar No. 261090
Berman Fink Van Horn P.C.
3475 Piedmont Road
Suite 1100
Atlanta, Georgia 30305
bfink@bfvlaw.com

and

Joseph P. Bowser, *Pro Hac Vice*
Roth Jackson Gibbons Condlin, PLC
1519 Summit Avenue, Suite 102
Richmond, VA 23230
T: 804-441-8701
F: 804-441-8438
jbowser@rothjackson.com


COUNSEL FOR DEFENDANT
MATRIX WARRANTY
SOLUTIONS, INC. d/b/a ELEMENT
PROTECTION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 27, 2020, I electronically filed the foregoing

**ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES**

with the Clerk using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

>Anthony Paronich, Esq.
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, Massachusetts 02043
>anthony@paronichlaw.com
>
>Andrew W. Heidarpour, Esq.
>HEIDARPOUR LAW FIRM, PPC
>1300 Pennsylvania Avenue, NW, 190-318
>Washington, D.C. 20004
>aheidaroiur@hlfirm.com
>
>Steven Howard Koval, Esq.
>The Koval Firm, LLC
>3575 Piedmont Road
>Building 15, Suite 120
>Atlanta, Georgia 30305
>shkoval@aol.com
>
>***Counsel for Plaintiff Gene Thrower***

 /s/ Benjamin I. Fink
Benjamin I. Fink