**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| GENE THROWER, individually and on behalf of others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:19-cv-00066-CAR |
| Plaintiff, | : : | |
| v. | : : | |
| MATRIX WARRANTY SOLUTIONS, INC. d/b/a ELEMENT PROTECTION, VALIANT AUTO LLC d/b/a AUTOMOTIVE SERVICES CENTER, and MICHAEL KASICK | : : : : : : | |
| Defendants. | : : | |

_____/

**PROPOSED SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on August 24, 2020. In accordance with the

Court's Rules 16 and 26 Order dated August 13, 2020, the parties to this action conferred and

jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order")

containing deadlines and limitations as follows:

**I.     Nature of the Case**:

Plaintiff's Position:

The Plaintiff has filed this lawsuit alleging that the defendants violated the Telephone

Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA") when unlawful automated

telemarketing calls were sent to Gene Thrower ("Plaintiff"), and other consumers, without their

consent, or because such calls were made on their behalf. The Plaintiff's complaint summarizes

the allegations:

> Matrix Auto Warranty Solutions, Inc. ("Matrix") commissioned automated and pre-recorded telemarketing calls…[made] pursuant to an arrangement between Matrix and Valiant Auto LLC d/b/a Automotive Services Center ("Automotive Services Center"), a vendor for Matrix, who telemarketed Matrix's services at Matrix's direction, using the call center operated by defendant Michael Kasick.

First Amended Complaint ("FAC") (ECF No. 7) at ¶ 2-3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the defendants.

Defendants' Position:

Plaintiff alleges that Defendants Matrix Auto Warranty Solutions, Inc. ("Matrix"), Valiant Auto LLC d/b/a Automotive Service Center ("Valiant"), and Michael Kasick ("Kasick," collectively with Matrix and Valiant, "Defendants") violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA") when unlawful automated telemarketing calls were sent to Gene Thrower ("Plaintiff") using an automatic telephone dialing system ("ATDS") and prerecorded voice.  Plaintiff's allegations as to Matrix and Valiant rely on a theory of vicarious liability for the alleged actions of Kasick and his call center, which Matrix and Valiant deny exists due to lack of a requisite agency relationship.  Kasick denies liability on the basis that only one of the alleged calls was made by his call center, and that single call was made with Plaintiff's prior express written consent.  Furthermore, Defendants deny Plaintiff's allegations regarding the propriety of a nationwide class or that relief is warranted for the alleged putative class.

2

II.     **Counsel of Record**

**For the Plaintiff:**

> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> (508) 221-1510
> anthony@paronichlaw.com

**For Defendants Matrix and Valiant:**

> Joseph P. Bowser
> Roth Jackson
> 1519 Summit Avenue, Suite 102
> Richmond, VA 23230
> T: 804-441-8701
> F: 804-441-8438
> jbowser@rothjackson.com

> Benjamin I. Fink
> Berman Fink Van Horn P.C.
> 3475 Piedmont Road
> Suite 1100
> Atlanta, GA 30305
> bfink@bfvlaw.com

**For Defendant Kasick:**

> David P. Reiner, II
> Reiner & Reiner, P.A.
> 9100 So. Dadeland Blvd., Suite 901
> Miami, FL 33156
> dpr@reinerslaw.com

III.    **Complaint and Answer Filing Date**

The Complaint was filed: July 26, 2019
The Amended Complaint was filed: September 18, 2019
Answer was filed: Mr. Kasick has filed an Answer, which was filed on November 1, 2019.

3

Matrix and Valiant each filed an Answer to the Amended Complaint on August 27, 2020.

## IV.  Discovery Deadlines

### A.  Time for Discovery

Plaintiff's Position:

The time for discovery in this case shall expire March 15, 2021, that being no more than 180 days after the submission of the Proposed Order to the Court. If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

Defendants' Position:

Defendants propose March 15, 2021 as the deadline for the close of Phase I discovery (roughly 180 days from the entry of this Rule 26(f) report), which should provide Plaintiff with ample time to take Phase I discovery.

### B.  Scope of Discovery

Plaintiff's Position:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed.R.Civ.P.23 as well as the merits of Plaintiff's claims. The Plaintiff believes that one discovery period, where all Rule 23 issues are addressed as well as all merits issues required for trial will be efficient for the Court. The Defendants' position of focusing on discovery relating to one of their affirmative defenses (prior express written consent) and the Plaintiff's

4

allegation of vicarious liability for two of the three defendants is inefficient. First, if the Defendants believe that they can support a motion for summary judgment based on any of their affirmative defenses, they can file that motion at any time. *See* Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Relatedly, limiting discovery to allegations of vicarious liability has no chance of ending this case, as the Plaintiff has alleged that Mr. Kasick is directly liable for the telemarketing conduct of this company. Of course, if the Defendants have specific burden objections to discovery lodged by the Plaintiff, they can make it at the appropriate time.[1]

Second, as one Court explained in denying a motion to bifurcate, "In light of Dukes and the 'rigorous analysis' requirement for class certification, many courts 'are reluctant to bifurcate class-related discovery from discovery on the merits.' This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst.

---

[1]   *See Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 U.S. Dist. LEXIS 223945, at *10 (M.D. Fla. Aug. 22, 2019) (Denying motion to bifurcate discovery in TCPA case holding "Most important to this discretionary decision are the first four and last two of those factors, the expectation that the parties will hew to the proportionality requirement of Rule 26(b)(1), and the availability of relief under Rule 26(c)(1) should discovery become unduly burdensome or expensive as [defendant] fears"; *See also Katz v. Gokul RX Ltd. Liab. Co.,* No. 8:19-cv-2210-T-35SPF, 2020 U.S. Dist. LEXIS 5957 (M.D. Fla. Jan. 14, 2020) (same).

*Ahmed v. HSBC Bank USA, Nat'l Ass'n,* No. ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *8-9 (C.D. Cal. Jan. 5, 2018) (denying motion to bifurcate in TCPA case) *citing to Chen-Oster v. Goldman, Sachs & Co.,* 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012) (collecting cases).  The *Ahmed* Court continued "bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] with the merits of the plaintiff's underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at *10.[2]

Third, proposed class members may be unfairly and irreparably prejudiced if

---

[2]  *Citing Dukes,* 564 U.S. at 351, 131 S.Ct. at 2551-52; *see, e.g., Tyus v. Wendy's of Las Vegas, Inc.,* 2017 U.S. Dist. LEXIS 110385, 2017 WL 3026403, *5 (D. Nev. 2017) ("Plaintiffs do not have the benefit of discovery into the merits of a case at the class certification stage and defendants frequently have withheld exactly the information needed to prove plaintiffs' case because it is common in putative class actions for defendants to seek 'bifurcated discovery' between class certification and merits issues, and this bifurcation results in a limited record at the class certification stage."); *Tait v. BSH Home Appliances Corp.,* 289 F.R.D. 466, 488 (C.D. Cal. 2012) ("Indeed, it is often easy for a defendant to paint a dismal picture of plaintiffs' prospects because, at the class certification stage, plaintiffs do not have the benefit of discovery into the merits of a case and defendants frequently have withheld exactly the information needed to prove plaintiffs' case."). In addition to "rais[ing] a slew of issues," *True Health Chiropractic Inc.,* 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3, "[a]rbitrary insistence on the merits/class discovery distinction sometimes [*11]  thwarts the informed judicial assessment that current class certification practice emphasizes." *Mbazomo v. ETourandTravel, Inc.,* 2017 U.S. Dist. LEXIS 82411, 2017 WL 2346981, *1-2 (E.D. Cal. 2017). For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.

discovery into records of Defendants' robocalls to them is delayed.  Many

telecommunications providers preserve calling records for less time than the

proposed four-year class period.  *See* Dep't Justice, *Retention Periods of*

*Major Cellular Service Providers* (Mar. 2011), *available at*

https://cryptome.org/isp-spy/cellular-spy3.pdf.  For the specialty

telecommunications vendors favored by TCPA-violators, even shorter

retention periods are considered a feature, not a bug.  In proposed TCPA class

actions, courts are therefore wary of defendants' requests to avoid or delay

classwide discovery.[3] The risk of unfair prejudice to absent class members is

not merely hypothetical.  Proposed class members have been totally denied

relief in TCPA cases because of the loss of calling records.  For example, in

*Levitt v. Fax.com*, the court denied class certification because "critical

information regarding the identity of those who received the facsimile

transmissions" was not available.  No. 05-949, 2007 U.S. Dist. LEXIS 83143,

at *4-5 (D. Md. May 25, 2007).  Likewise, in *Pasco v. Protus IP Solutions,*

*Inc.*, the court was compelled to grant the defendant's motion for summary

judgment where plaintiffs were unable to obtain the "transmission data on

---

[3]   *E.g.*, Order, *Dickson v. Direct Energy, Inc.*, No. 5:18-cv-00182-GJL (N.D. Ohio May 21,
     2018) ("granting plaintiff's motion to compel defendant Total Marketing Concepts, LLC to
     gather/retrieve all telecommunication records from their vendor to avoid the destruction of
     records that identify putative class members"); Order, *Fitzhenry v. Career Education Corp.*,
     No. 14-cv-10172 (N.D. Ill. Feb. 25, 2016), ECF No. 101 ("The stay on discovery is modified
     for the limited purpose of requiring Defendant to obtain and retain records of all outbound
     calls that were made for purposes of generation of leads for education services.").

which to support their claims that [the defendant] sent them the unsolicited faxes at issue." 826 F. Supp. 2d 825, 831 (D. Md. 2011)

<u>Defendants' Position:</u>

Defendants propose that discovery should proceed first on the merits of Plaintiff's individual TCPA claims (Phase I), including Plaintiff's claims that he was called without prior express consent, that the call(s) at issue were made with an automatic telephone dialing system, and Plaintiff's claim that either Matrix or Valiant are vicariously liable for such calls, followed by class-related issues in the event Plaintiff's individual claims survive a motion for summary judgment (Phase II).

All fact discovery related to Plaintiff's individual TCPA claims (Phase I) shall be completed within 180 days after commencement of Phase I discovery, which will commence upon entry of this plan.

Trial courts have broad discretion to control discovery in this fashion.[4] Courts have bifurcated individual merits and class discovery where doing so served

---

[4] *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.,* Case No. 2:17-cv-24-FtM-38CM, 2018 U.S. Dist. LEXIS 57378, at *3 (M.D. Fla. Apr. 4, 2018); *see also Bristol v. Account Mgmt. Res., LLC,* Case No. CIV-15-1049-R, 2016 U.S. Dist. LEXIS 34313, at *6 (W.D. Okla. Mar. 17, 2016) (ruling that bifurcation of discovery supported judicial efficiency when questions regarding potential vicarious liability were "narrow, straightforward, and potentially dispositive issues" and " litigation of these issues should involve relatively modest discovery which will not implicate class-wide issues."); *see also Katz v. Gokul RX Ltd. Liab. Co.*, Case No. 8:19-cv-2210-T-35SPF, 2020 U.S. Dist. LEXIS 5957, at *3 (M.D. Fla. Jan. 14, 2020) (citing factors considered in bifurcating discovery including "evidence suggesting the claims of the named plaintiffs lack merit or the absence of such evidence….").

the interests of justice given the allegations and circumstances of particular cases.[5]

Plaintiff is suing both Matrix and Valiant on the grounds that they are vicariously liable for two alleged calls made by an independent third-party call center operated by Defendant Kasick, which independently conducts and controls its own marketing efforts absent independent of any direction on the part of either Matrix or Valiant.  Likewise, Matrix neither can nor does exercise any degree of control over Valiant, an independent third-party authorized to sell Matrix's products, and is not liable for any alleged TCPA violations here.  As such, rather than engaging in wide-ranging discovery of four years of calling practices, including marketing activities entirely unrelated to products of a variety of companies unrelated to Matrix, the parties

---

[5]  *See e.g. Katz v. Liberty Power Corp., LLC*, Civil Action No. 18-cv-10506-ADB, 2019 U.S. Dist. LEXIS 30901, at *6 (D. Mass. Feb. 27, 2019) (bifurcating discovery in TCPA case because defendant may be able to demonstrate evidence that individual plaintiffs lacked viable claims); *Bucceri v. Cumberland Farms, Inc.*, Civil Action No. 15-cv-13955-IT, 2017 U.S. Dist. LEXIS 168331, at *1 (D. Mass. Oct. 4, 2017) (approving bifurcated discovery with phase I discovery involving the claims of 8 named or opt-out Plaintiffs, and Defendant's defenses of such claims); *Leschinsky v. Inter-Continental Hotels Corp.*, Case No. 8:15-cv-1470-T-30MAP, 2015 U.S. Dist. LEXIS 140535, at *5 (M.D. Fla. Oct. 15, 2015) (finding "a bifurcated discovery process are well-taken" when  "Defendants have presented evidence suggesting that [plaintiff's]TCPA claims are without merit as a matter of law); *O'Connell v. Sterling Jewelers, Inc.*, No. 13-cv-13165-DPW (D. Mass. Dec. 14, 2013) (ECF No. 41) (order setting schedule for merit discovery "as to claims of named Plaintiff" followed by a summary judgment briefing schedule); *Huzarsky v. Little Kids, Inc.*, No. 15-cv-13613-DJC (D. Mass. Oct. 21, 2015) (ECF No. 22) (ordering fact discovery on plaintiff's individual claims followed by summary judgment).

here should first confine their discovery efforts to the merits (or lack thereof) of Plaintiff's individual claims.

Given these significant, likely dispositive issues involving vicarious liability and prior express consent provided by Plaintiff, Defendants contend that it would be a substantial waste of time and resources to conduct what will inevitably be one-sided discovery of four years' worth of calls, together with mini-investigations into prior express consent and vicarious liability for each and every call made, with potentially only a small fraction being associated with the sale of Matrix's products, when Plaintiff's individual claims are already beset by significant factual and legal challenges that should first be vetted.  In cases like this, courts have recognized the wisdom of sensibly

phasing discovery to first investigate the merits of an individual, named plaintiff's claim before authorizing class-wide discovery.[6]

There is no prejudice to a Plaintiff for having to prove that he or she has a viable claim before forcing Defendants into exceptionally expensive class-wide discovery.  Accordingly, discovery should be bifurcated to promote judicial efficiency in determining whether the claims of the individual plaintiffs are meritorious before allowing plaintiffs to conduct class discovery.

### C.  Electronically Stored Information

The Plaintiff has proposed an ESI Stipulation to the Defendants.

### D.  Privilege Claims

---

[6]  *See, e.g., Katz v. Liberty Power Corp., LLC*, Civil Action No. 18-cv-10506-ADB, 2019 U.S. Dist. LEXIS 30901, at *6 (D. Mass. Feb. 27, 2019) ("Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether named Plaintiffs' are within the classes they purport to represent, and whether any named Plaintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim. The parties shall complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs by May 22, 2019. Class discovery is stayed until further order of the Court…."); *see also Rivera v. Exeter Fin. Corp.*, Civil Action No. 15-cv-01057-PAB-MEH, 2016 U.S. Dist. LEXIS 11505, at *6 (D. Colo. Feb. 1, 2016) (granting Defendant's request to bifurcate discovery, limiting phase one only to "Plaintiff's individual claims and the class action requirements" to "avoid unnecessary, expensive, and burdensome discovery regarding putative class members"); *Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (ordering bifurcated individual discovery and then summary judgment briefing schedule because "Defendants have presented evidence suggesting that [Plaintiff's] TCPA claims are without merit as a matter of law."); *Loreaux v. ACB Receivables Mgmt., Inc.*, No. CIV.A. 14-710 MAS, 2015 WL 5032052, at *4 (D. N.J. Aug. 25, 2015) (bifurcating discovery in a TCPA case and holding "[f]urther, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs. Moreover, the Court finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.").

The Defendants will propose a Protective Order, which will include a claw-back provision.

**E. Witness to be Deposed**

The Plaintiff will be deposing each defendant, who can be contacted through counsel, as well as any vendors they used, who are unknown at this time. Defendants will depose Plaintiff, who can be contacted through counsel.

**F. Expert Witnesses**

**1. Designation of Experts**

<u>Plaintiff's Position:</u>

The Plaintiff must disclose the identity of any expert witness on or before December 15, 2020, that being no more than 90 days after the submission of the Proposed Order to the Court. The Defendants must disclose the identity of any expert witness on or before January 15, 2021, that being no more than 120 days after the submission of the Proposed Order to the Court.

<u>Defendants' Position:</u>

Plaintiff will designate all trial expert witnesses relating to Phase I pursuant to Fed. R. Civ. P. 26(a)(2) 90 days after the commencement of Phase I discovery; Defendants will designate all trial expert witnesses relating to Phase I by 120 days after the commencement of Phase I discovery.

**2. Expert Reports**

<u>Plaintiff's Position:</u>

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

Any supplemental expert reports must be served on or before February 25,

2021, that being no more than 160 days after the submission of the Proposed

Order to the Court. No additional supplemental reports may be disclosed or

provided after this date without leave of Court.

<u>Defendants' Position:</u>

Plaintiff will provide all trial expert witness reports relating to Phase I

pursuant to Fed. R. Civ. P. 26(a)(2) by 90 days after the commencement of

Phase I discovery.; Defendants will designate all trial expert witnesses relating

to Phase I by 120 days after the commencement of Phase I discovery.

Defendants will provide any responsive reports of retained experts pursuant to

Fed. R. Civ. P. 26(a)(2) by 120 days after the commencement of Phase I

discovery or 30 days following receipt of the Plaintiff's reports. All expert

depositions relating to Phase I issues will be completed by 150 days after the

commencement of discovery.

## G. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to

authenticate documents as provided for under Federal Rule of Civil Procedure

36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of

requests to admit that can be propounded.

The Defendants will propose a Protective Order, which will be submitted to the Court for consideration.

**H.  Discovery Disputes**

**V.**   Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Lee Anne Purvis, Courtroom Deputy (478.752.0739) to request a telephone conference with the Court. **Time for Filing Motions**

**A. Motions to Amend the Pleadings or to Join Parties**

Plaintiff's Position:

All motions seeking to amend the pleadings or to join parties must be filed no later than November 16, 2020, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

Defendants' Position:

All motions seeking to amend the pleadings or join parties must be filed by 60 days after the commencement of Phase I discovery.

**B. Dispositive Motions**

Plaintiff's Position:

All dispositive motions must be filed no later than April 15, 2021, that being no more than 30 days after the expiration of discovery in this case.

Defendants' Position:

All dispositive motions must be filed by 30 days after the close of Phase I discovery.

14

**C. Class Certification Motion**

Plaintiff's Position:

Any class certification motion should be filed no later than April 15, 2021.

Defendants' Position:

Plaintiff's motion for class certification will be filed at a date to be determined following the conclusion of Phase I discovery. The Defendants' opposition and Plaintiff's reply will be due in the time dictated by the local rules.

**VI.    Certification of the Parties and Counsel**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a). Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

Counsel for Plaintiff,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

15

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com


Counsel for Defendants Matrix and Valiant:

*/s/ Joseph P. Bowser*
Joseph P. Bowser
Roth Jackson
1519 Summit Avenue, Suite 102
Richmond, VA 23230
T: 804-441-8701
F: 804-441-8438
jbowser@rothjackson.com

Benjamin I. Fink
Berman Fink Van Horn P.C.
3475 Piedmont Road
Suite 1100
Atlanta, GA 30305
bfink@bfvlaw.com

Counsel for Defendant Kasick:

David P. Reiner, II
Reiner & Reiner, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, FL 33156
dpr@reinerslaw.com

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT. SO ORDERED, this 16th day of November, 2020.

s/C. Ashley Royal_____
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

17